IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Angel Mercado, #10052-21, | ) | C/A No.:  0:06-1240-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John J. LaManna, Warden, FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Angel Mercado, is currently incarcerated at the Federal Correctional Institute in Edgefield, South Carolina. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prison's procedures for determining early release eligibility under 18 U.S.C. § 3621(e).

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that the respondent's motion to dismiss and/or for summary judgment[2] be granted and the action be dismissed without prejudice. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motions for summary judgment. Plaintiff responded to the motion.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on April 4, 2007. He timely filed objections to the Report.

In his motion for summary judgment, the respondent first contends that the petitioner has failed to properly exhaust his administrative remedies and that as a result, this court lacks jurisdiction over petitioner's claims. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See, e.g., Kurfees v. INS*, 275 F.3d 332, 336 (4th Cir. 2001).

However, the petitioner has submitted documentation which indicates that he *has* pursued additional administrative remedies. As the Magistrate Judge suggests, because the respondent has not replied or addressed whether these additional steps satisfy the administrative exhaustion requirement, then the respondent is not entitled to dismissal for failure to exhaust.

The respondent next contends that the relief petitioner seeks is unavailable and thus the petition should be dismissed. Prior to the filing of this action, the petitioner inquired of the respondent seeking eligibility to participate in the Residential Drug Abuse Program ("RDAP"). The BOP declined petitioner's request. The petitioner appealed the decision and now challenges the respondent's decision of ineligibility because his present conviction involved a firearm.

As part of the Violent Crime Control and Law Enforcement Act ("VCCLEA") of 1994, codified in 18 U.S.C. § 3621(e)(2)(B), Congress granted the Director of the BOP the discretion to release early from custody prisoners who successfully completed the RDAP. However, the applicability of this incentive was limited to only those inmates convicted of a nonviolent offense.  Subsequent revised regulations to the Program excluded, at the Director's discretion, eligibility for inmates whose current offense is a felony which involved the carrying, possession, or use of a firearm or other dangerous weapon.

Eligibility into the RDAP requires interviews when the inmate is within 36 months of his projected release date.  The inmate must also meet other criteria including, but not limited to a diagnosis and verification of substance abuse or dependence.  In his initial communications with petitioner, the respondent indicated that petitioner could not become eligible to be interviewed for the RDAP until 2009.  The petitioner's projected release date is April 2, 2012 — clearly outside the 36-month proper time frame for consideration by the BOP.

As the Magistrate Judge opines, and this court agrees, petitioner essentially seeks a predetermination that he will be eligible to participate in the RDAP prior to the time he is even eligible to apply for the Program.   Thus, petitioner's § 2241 petition is premature.

In his objections to the Report and Recommendation, petitioner does not provide the court with specific objections.[3]  Rather, petitioner asks the court to "answer and certify" the

---

[3] Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on
(continued...)

3

following questions:

> "Is the two point gun enhancement referred to in the J&C, a crime of violence?" and "Is the denial of entry into the RDAP based upon a two point gun enhancement, a valid interpretation of 18 U.S.C. § 3621(e)(2)(B)?"

Because the court finds that the § 2241 petition is premature, the court will decline petitioner's request to define or "certify" the above questions.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the respondent's motion for summary judgment is granted and this matter is dismissed *without prejudice*.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

May 9, 2007
Columbia, South Carolina

---

[3](...continued)
the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).